UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOHN A. JOHNSON and JANICE A. JOHNSON,

    Plaintiffs,

v.

BANK OF AMERICA, N.A., SPECIALIZED LOAN SERVICING, LLC, EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendants.
_____/

CASE NO.: 9:21-cv-81313

## DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW[1]

Defendant Bank of America, N.A. ("Bank of America") through undersigned counsel, herby moves to dismiss Count VI of Plaintiffs' Complaint with prejudice because Plaintiffs' claim for Violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") does not apply to Bank of America, a federally regulated national banking association, as a matter of law.

## INTRODUCTION

Plaintiffs' action arises out of a Home Equity Line of Credit ("HELOC") loan that was originated with Bank of America. DE 1 ¶ 13.   Bank of America is a "national banking association headquartered in North Carolina." *Id*. at ¶ 6.   Plaintiffs allege that Bank of America began to misapply their monthly payments on their HELOC and noticed this in approximately April 2019. *Id*. at ¶¶ 15, 16.   Plaintiffs claim Bank of America reported their loan as being past due and reported a late payment in May 2019 - which Plaintiffs claim was not late. *Id*. at ¶¶ 17, 18.

---

[1] Pursuant to the Court's Orders Requirement Combined Responses (DE 4, 18) Bank of America conferred with counsel for the Specialized Loan Servicing, LLC and Transunion defendants who have represented they will be individually filing answers to the Plaintiffs' Complaint. Experian has already filed its Answer. DE 20.

Plaintiffs assert that Bank of America sold the HELOC on or about June 28, 2019 which resulted in the servicing to be transferred to Specialized Loan Services, LLC. *Id*. at ¶ 19. Based on these allegations, Plaintiffs alleged that Bank of America violated FDUTPA. Plaintiffs' claim fails as a matter of law because FDUTPA does not apply to national banks like Bank of America.

### I.     PLAINTIFFS' FDUTPA CLAIM FAILS BECAUSE IT DOES NOT APPLY TO BANK OF AMERICA

Plaintiffs seek damages from Bank of America pursuant to alleged violations of the FDUTPA, Florida Statute §§501.201, *et seq.* However, Florida Statute §501.212(4)(c), states, in pertinent part, as follows:

This part does not apply to:

(4) Any person or activity regulated under laws administered by:

(c) Banks…regulated by federal agencies.

*See*, *Bankers Trust Co. v. Basciano*, 960 So. 2d 773, 778 (Fla. 5th DCA, 2007) (FDUTPA does not apply to banks); *accord*, *Regions Bank v. Legal Outsource PA,* No. 2:14-cv-476-FtM-29MRM, 2015 U.S. Dist. LEXIS 162248 (M.D. Fla. Dec. 3, 2015); *Wilson v. EverBank, N.A.,* 77 F. Supp 3d 1202, 1221 (S.D. Fla. 2015); *George v. Wells Fargo Bank, N.A.,* No. 13-80776-CIV-MARRA, 2014 U.S. Dist. LEXIS 2000 (S.D. Fla. Jan. 8, 2014); *Sovereign Bonds Exch. LLC v. Federal Republic of Germany,* 899 F. Supp. 2d 1304, 1315-16 (S.D. Fla. 2010). The law is clear in Florida that banks are exempted from claims brought pursuant to FDUTPA. Bank of America is a bank regulated by federal agencies. The "N.A." designation of Bank of America, N.A. identifies Bank of America as a National Association and federally regulated banking institution. *Carlos and Aimee Rostgaard v. Bank of America*, Case No. 8:17-2538-T-23CPT, ECF No. 41 at pg. 2 n.1 (M.D. Fla. June 5, 2018); *Moises Salazar v. Bank of America*, N.A. Case No. 8:17-cv-2535-T-23AEP, ECF No. 38 at pg. 2, n.1 (M.D. Fla. June 5, 2018); *Gabino Peralta v. Bank of America,*

*N.A.,* Case No. 8:17-cv-2580-T-23MAP, ECF No. 41 at pg. 2 n.1 (M.D. Fla. June 6, 2018); *Edelso Carmenates v. Bank of America, N.A.*, Case No. 8:17-cv-2635-T-23JSS, ECF No. 38 at pg. 2 n.1 (M.D. Fla. June 5, 2018). Plaintiffs specifically allege in their Complaint that Bank of America is a national banking corporation, admitting Bank of America falls under the statutory exemption. DE 1 at ¶ 6.

Numerous district courts in this Circuit have also found Bank of America exempt from FDUTPA on this basis. *See, e.g., Helman v. Bank of Am.*, No. 12-80808-CIV 2015 WL 13022509, at *3 (S.D. Fla. July 14, 2015 ("Florida expressly exempts federally regulated banks such as [Bank of America] from compliance with FDUTPA." (citations omitted)); *De Leon v. Bank of Am., N.A.,* No. 6:09-cv-1251-ORL-28-KRS, 2009 U.S. Dist. LEXIS 106845 at *19 (M.D. Fla. Nov. 16, 2009) ("Because… Bank [of America] is a federally regulated national banking association, De Leon's [FDUTPA] claim fails as a matter of law." (internal citations omitted)).

Additionally, FDUTPA, as a matter of law, is in inapplicable to mortgage servicers. *Blake v. Seterus, Inc.*, No. 16-21225-CIV-JLK, 2017 U.S. Dist. LEXIS 18561, at *5–6 (S.D. Fla. Feb. 9, 2017) ("An [sic] FDUPTA claim cannot be asserted against a defendant who is simply collecting a debt."); *Genao v. CitiMortgage, Inc.*, No. 16-23111-CIV-MARTINEZ/GOODMAN, 2017 U.S. Dist. LEXIS 20000, at *11 (S.D. Fla. Feb. 10, 2017) ("Servicing and loan collection activity is not 'trade or commerce' as a matter of law."); *Benjamin v. CitiMortgage, Inc.*, No. 2-62291-CIV-MORENO, 2013 U.S. Dist. LEXIS 64515, at *11–13 (S.D. Fla. May 6, 2013) (holding that servicing of loans does not meet the definition of trade and commerce under the act); *Williams v. Nationwide Credit, Inc.*, 890 F. Supp. 2d 1319, 1321 (S.D. Fla. 2012) ("Several courts have held that debt collection activities are not 'trade or commerce' for FDUTPA purposes."). FDUTPA also does not apply to loan servicing or loan collection activities. *Genao v. CitiMortgage, Inc.*, No.

16-23111-CIV-MARTINEZ/GOODMAN, 2017 U.S. Dist. LEXIS 20000, at *11 (S.D. Fla. Feb. 10, 2017) ("Servicing and loan collection activity is not 'trade or commerce' as a matter of law.").

Plaintiffs fail to cite to any authority which provides an exception to Fla. Stat. §501.212, nor does the statute provide for any such exception. "[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plan and obvious meaning." *Cent. Palm Beach Physicians & Urgent Case v. Infinity Auto Ins. Co.*, No. 17-cv-62201-WPD, 2018 U.S. Dist. LEXIS 84100, *9 (S.D. Fla. May 16, 2018) (quoting *Holly v. Auld,* 450 So. 2d 217, 219 (Fla. 1991)).  Fla. Stat. §501.212(4)(c) is clear, unambiguous, and conveys a clear and definite meaning, *i.e.,* that banks regulated by federal agencies are exempt from FDUTPA.

Accordingly, Count VI of Plaintiffs' Complaint should be dismissed against Bank of America with prejudice.  Bank of America also requests the Court to reserve ruling on Bank of America's entitlement to attorney's fees pursuant to FDUTPA's prevailing party attorney fee provision under Fla. Stat. § 501.2105(1).

DATED: September 27, 2021.

Respectfully submitted,

*/s/ James R. Liebler, II*
JAMES R. LIEBLER II
Florida Bar No. 115348
E-mail: JRLII@lgplaw.com
IRA SCOT SILVERSTEIN
Florida Bar No. 0009636
E-mail: iss@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **27th** day of September, 2021, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ James R. Liebler, II*
JAMES R. LIEBLER, II
